UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Flint Lee,** | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-03211 |
| | ) | |
| v. | ) | |
| | ) | |
| **Power Stop, LLC,** | ) | |
| | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Flint Lee ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Power Stop, LLC ("Defendants"), and in support states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's hostile work environment under the ADA, and also terminating Plaintiff's employment because of his disability and in retaliation for his attempting to assert his rights under the ADA when Plaintiff reported harassment and discrimination on the basis of his disability. This action also arises out of Plaintiff's employment relationship with Defendants, including its interference of FMLA leave in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## PARTIES

2. At all times material, Plaintiff was a resident of Cook County, Illinois.

3. At all times material to the allegations in this Complaint, Defendant, Power Stop, LLC, is a corporation doing business in and for Cook County whose address is 6112 W. 73rd Street # 2, Bedford Park, IL 60638-6115.

4. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2) (A).

5. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Cook County.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

10. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and Americans with Disabilities Act of 1990, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

11. The Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC")

a charge of employment discrimination on the basis of disability and retaliation (Attached hereto as Exhibit "A").

12. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

13. The Defendant hired the Plaintiff, Flint Lee, at Power Stop, LLC as a Forklift Operator on or about January 1, 2013, where he worked without issue as a Forklift Operator until 2017.

14. On or about January 1, 2021 the Plaintiff was rehired at Power Stop, LLC and was rehired as a Forklift Operator.

15. The Defendant subjected the Plaintiff to disability discrimination and retaliation for requesting accommodations for his injury.

16. The Defendant subjected the Plaintiff to discrimination because of his back injury as a result of a serious car accident.

17. The Plaintiff is a qualified individual as defined by the ADA.

18. Plaintiff's disability substantially limits major life activities.

19. The Plaintiff exceeded expectations in terms of job performance.

20. The Defendant subjected the Plaintiff to an adverse employment action by terminating his employment.

21. The Defendant subjected the Plaintiff to different terms and conditions of employment than others without a disability.

22. Regardless of the Plaintiff's disability, the Plaintiff is able to perform the essential functions of his job duties, with or without reasonable accommodations.

23. The Employer was aware of the Plaintiff's capabilities, and that he was able to perform the essential functions of his job duties with or without reasonable accommodations.

24. The Defendant never subjected the Plaintiff to any disciplinary actions or write-ups during his employment and was otherwise an exemplary employee.

25. The Defendant failed to accommodate the Plaintiff's injury and subjected him to discrimination, and retaliation based on his requested for reasonable accommodations.

26. The Plaintiff has several years of experience as a fork lift operator including with the Defendant on multiple occasions.

27. Regardless of the injury, the Plaintiff is qualified to perform the essential functions of his job, with or without reasonable accommodation.

28. The Plaintiff had difficulty standing for long periods of time, walking, bending and lifting just to name a few of the issues as a result of the back injury.

29. The Plaintiff was constructively discharged from his position due to pre-textual reasons regarding the Plaintiff's disability.

30. The Plaintiff has a physical impairment that limits major life activities.

31. On or about February 18, 2022 the Plaintiff experienced debilitating back pain from a previous non-work related injury.

32. The Plaintiff was unable to work and requested medical leave from Danielle in HR.

33. The Plaintiff presented Danielle with all of his medical documentation so the Plaintiff could fill out paper work for FMLA.

34. Danielle in HR did not offer the Plaintiff FMLA or any medical leave options.

35. The Plaintiff continued to inquire and was advised that she, Danielle, would get back to him.

36. On or about November 28, 2022 the Plaintiff received a letter from the HR Department at Power Stop, LLC informing him that he was terminated effective July 11, 2022; the letter was dated November 12, 2022.

37. The Plaintiff continued to reach out to HR during this time regarding FMLA and Medical Leave, However, no one in HR would return his call.

38. The Plaintiff was never informed regarding his termination prior to the letter he received on November 28, 2022.

39. The Defendant has been terminated for pre-textual reasons and discriminated against on the basis of his disability in violation of the Americans with Disabilities Act (42 U.S.C§12101,*et seq*.).

## COUNT I
**Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")**

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

42. Defendant terminated Plaintiff's employment based on his disability.

43. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

44. Plaintiff is a member of a protected class under the ADA, due to his disability.

45. As a direct and proximate result of the above-alleged willful and/or reckless acts

5

of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Failure to Accommodate in Violation of
### Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

47. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

49. Plaintiff is a qualified individual with a disability.

50. Defendant was aware of the disability and the need for accommodation.

51. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

52. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendants.

53. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to his disability.

54. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Retaliation in Violation of 42 U.S.C. § 12101, *et seq.***

56. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

57. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

58. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful discrimination which created a sufficiently severe or pervasive work condition in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of disability discrimination.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his reporting the disability discrimination, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

62. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

63. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT IV: INTERFERENCE WITH FMLA RIGHTS
### (FAILURE TO PROVIDE FMLA INFORMATION)

64. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

65. The Plaintiff was eligible for FMLA leave.

66. At all times material, Plaintiff gave proper notice to his employer by informing them of his serious medical condition.

67. Defendant controlled Plaintiff's work schedule and conditions of employment.

68. Plaintiff provided enough information for his employer to know that his potential leave may be covered by the FMLA.

69. Despite their knowledge of Plaintiff's medical condition and the serious medical situation, his employer failed to notify Plaintiff of his eligibility status and rights under the FMLA.

70. When Plaintiff's employer failed to notify Plaintiff of his eligibility status and rights under the FMLA the Defendant interfered with Plaintiff's rights under the FMLA.

71. As a result, Plaintiff has been damaged.

### COUNT V: VIOLATION OF THE FMLA– RETALIATION

72. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

73. Defendant terminated Plaintiff following his notification about his request for medical leave, which constitutes a request for taking FMLA leave.

74. Defendant terminated Plaintiff because he requested FMLA leave as described above. Specifically, Plaintiff requested FMLA leave when he explained that he had a condition that was severe or life threatening.

75. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

76. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his retaliation.

77. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has been damaged.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Back pay with interest;

c. Payment of interest on all back pay recoverable;

d. Front pay;

e. Loss of benefits;

f. Compensatory and punitive damages;

g. Reasonable attorneys' fees and costs;

h. Award pre-judgment interest if applicable; and

i. Award Plaintiff any further relief pursuant to the FMLA;

j. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated May 22, 2023.

          Respectfully submitted,

          */s/Nathan C. Volheim, Esq.*
          Nathan C. Volheim, Esq.
          Franklin Jara, Esq.
          Sulaiman Law Group, Ltd.
          2500 South Highland Avenue, Suite 200
          Lombard, Illinois 60148
          (331) 272-8010
          fjara@sulaimanlaw.com
          nvolheim@sulaimanlaw.com

*Counsel for Plaintiff*