## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FLINT LEE,

      Plaintiff,

v.

POWER STOP, LLC,

      Defendant.

Case No. 23-cv-03211

District Judge Pacold

Magistrate Judge Finnegan

## <u>MOTION TO DISMISS</u>

Defendant Power Stop, LLC ("Power Stop"), by and through undersigned counsel, moves to dismiss Plaintiff Flint Lee's complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

Lee's complaint asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Compl., D.E. 1.) But his skeletal allegations and legal conclusions do not provide enough detail to state a plausible claim for relief, as required by Federal Rule of Civil Procedure 8 ("Rule 8"), as to any asserted theory. Lee fails to allege that he was disabled as of the date of termination, as required by the ADA. He fails to allege that he suffered from "a serious health condition that [made him] unable to perform the functions of [his] position," as required by the FMLA. He cannot allege that Power Stop retaliated against him for asking for FMLA leave because nine months separated his alleged protected activity and the termination of his employment. Additionally, Lee cannot raise any allegations in support of his ADA claims relating to events occurring more than 300 days before the filing of his EEOC charge (March 4, 2022). For these reasons, discussed more fully below, the Court should dismiss Lee's complaint.

## Background[1]

Plaintiff Flint Lee worked for Power Stop as a forklift operator during two separate periods of employment. (Compl. ¶¶ 13, 14.) Only the second, which lasted from early 2021 until November 2022, is at issue in this lawsuit. (*See id.* ¶¶ 14, 36.) The last day Lee worked on site at Power Stop's facility was in mid-February 2022. (*See* Compl. Ex. A, D.E. 1-2 at 2.) Lee reported to Power Stop that he was injured in an off-the-clock, off-the-job car accident and asked for time off to recover. (*See id.*; *see also* Compl. ¶¶ 31, 32.) Power Stop granted him unpaid leave, and he remained on unpaid leave until Power Stop terminated his employment in November 2022. (*See* Compl. Ex. A at 2; *see also* Compl. ¶ 36.)

Lee filed a charge with the EEOC on December 29, 2022. (Compl. Ex. A at 2.) "[A] plaintiff alleging a discrete discriminatory act will be time-barred if he files his charge more than 300 days after the act occurred[.]" *Williams v. Phillips 66 Co.*, 72 F. Supp. 3d 938, 953 (S.D. Ill. 2014). 300 days before December 29 is March 4. Thus, for Lee's ADA claims, the Court may only consider alleged acts that occurred on or after March 4, 2022. *See Ortega v. Chi. Pub. Sch. of the Bd. of Educ. of the City of Chi.*, 11 C 8477, 2015 WL 4036016, at *10 (N.D. Ill. June 30, 2015).

## Legal Standard

For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (cleaned up); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012) (citation

---

[1] Power Stop disputes many allegations contained in the complaint; however, the Court must accept all well pleaded allegations as true. Power Stop similarly accepts such well pleaded allegations as true for purposes of this motion only.

omitted). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew*, 683 F.3d at 334. But courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rule 8 requires more than legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*

## Argument

### I.    Lee's ADA Claims for Disability Discrimination and Failure to Accommodate

Counts I and II of the complaint allege that Power Stop discriminated against Lee on account of his disability and failed to accommodate his disability (respectively), in violation of the ADA. (Compl. ¶¶ 40–55.) Both types of claims require a showing that the plaintiff "suffers from a disability as defined in the statute[ ]." *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005) (discrimination); *Johnson v. Lew*, No. 14-CV-2233, 2015 WL 13949296, at *3 (N.D. Ill. Dec. 4, 2015) (failure to accommodate). Both counts fail to state a claim because they do not adequately allege this element.

The ADA defines a disability as (1) a "physical or mental impairment that substantially limits one or more major life activities," (2) a record of a disability, or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1). "Merely having a physical injury or a medical condition is not enough" to qualify as disabled under the ADA. *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011). Lee's complaint fails to adequately allege any of these. His bare allegations that he "has a physical impairment that limits major life activities" and a "disability [that] substantially limits major life activities," (Compl. ¶¶ 18, 30), are the sort of "formulaic recitation[s]

3

of the elements" that fail to state a plausible claim for relief, *Twombly*, 550 U.S. at 555. *See, e.g.*, *Pack v. Ill. Dep't of Healthcare & Family Servs.*, No. 13-CV-8930, 2015 WL 507555, at *3 (N.D. Ill. Feb. 5, 2015).

While the complaint claims that Lee "had difficulty standing for long periods of time, walking, bending and lifting just to name a few of the issues as a result of the back injury," this allegation does not suffice either. (Compl. ¶ 28.) "Difficulty" is too vague to, by itself, plead an impairment that substantially limits a major life activity. *See, e.g.*, *Gomez v. Dynamic Mfg., Inc.*, No. 12-cv-7396, 2013 WL 3270660, at *4 (N.D. Ill. June 27, 2013) (dismissing ADA claim where plaintiff did not sufficiently allege his broken leg substantially limited a major life activity and that his limitation was a permanent or long-term one); *Walton v. U.S. Steel Corp.*, No. 2:10-CV-188-TLS, 2010 WL 3526263, at *3 (N.D. Ind. Sept. 2, 2010) (dismissing complaint when unclear allegations of disability did not suggest plausible claim); *see also Manning v. Univ. of Chi.*, 401 F. Supp. 2d 858, 863 (N.D. Ill. 2005) (employee did not have a "disability" as her discomfort when sitting on bar-stool height chairs and "difficulty walking long distances" could not be said to substantially limit any of her major life activities). Thus, Lee's "vague allegations of disability do not suffice to allow the Court to find he had a disability that qualifies under the ADA or that [Power Stop] terminated him because of that disability." *Trent v. D.T. Chicagoland Express, Inc.*, No. 18 C 5090, 2019 WL 498943, at *3 (N.D. Ill. Feb. 7, 2019).

It is unclear whether Lee intends to assert an additional claim under the ADA alleging a hostile work environment. (*See* Compl. ¶ 1.) If he does, he has also failed to state a claim on this theory. "To succeed on a hostile work environment claim, a plaintiff must show: (1) unwelcome harassment; (2) based on a protected characteristic; (3) that was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) a basis

4

for employer liability." *Demkovich v. St. Andrew the Apostle Parish, Calumet City*, 3 F.4th 968, 977 (7th Cir. 2021). The complaint does not adequately allege these elements. Lee claims that he "reported harassment and discrimination on the basis of his disability." (Compl. ¶¶ 1, 60.) But he never specifies what incidents, words, or actions comprise the alleged harassment or discrimination. Rule 8 requires more. *See, e.g.*, *Castrillo v. Snow*, No. CIV.A. 02-3587, 2004 WL 1920951, at *6 (E.D. La. Aug. 27, 2004) (dismissing claim where the complaint "never specifically points to the specific conduct giving rise to [hostile work environment] allegations").

Moreover, because no specific conduct is alleged, Lee falls far short of pleading facts sufficient to allege that such harassment was so severe or pervasive as to give rise to a hostile work environment claim. *See Chaudhry v. Amazon.com.dedc, LLC*, 751 F. App'x 951, 952 (7th Cir. 2019) (affirming dismissal of ADA claims where, among other deficiencies, the complaint "described no specific instances of conduct that might constitute discrimination, retaliation, or hostile work environment").

## II.     Lee's ADA Claim for Retaliation

Count III of the complaint alleges that Power Stop unlawfully retaliated against Lee for exercising his rights under the ADA. (Compl. ¶¶ 56–63.) "The elements of a retaliation claim under the ADA are: (1) the plaintiff was engaged in protected activity, (2) the retaliator knew that the plaintiff was involved in protected activity, (3) the plaintiff suffered an adverse decision or course of action, and (4) a causal connection between the protected activity and adverse action." *Paul v. Chi. Transit Auth.*, No. 14-CV-03259, 2017 WL 1178222, at *3 (N.D. Ill. Mar. 30, 2017).

Lee fails to state a claim of retaliation because he does not describe any protected activity on his part. "[C]omplaints 'alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected.'" *Tate*

5

*v. Ill. Worker's Comp. Comm'n*, No. 08-C-5261, 2010 WL 1418400, at *3 (N.D. Ill. Apr. 6, 2010) (quoting *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007)). Lee alleges that he "reported harassment and discrimination on the basis of his disability" and "request[ed] accommodations for his injury." (Compl. ¶¶ 1, 15, 24.) That's it. Lee provides no detail as to the number, content, or timing of these alleged communications, or to whom he made them.

Because the complaint never specifies to whom Lee allegedly reported harassment and discrimination or requested accommodations (or the content of these communications), it also fails to adequately allege that Power Stop knew Lee engaged in protected activity before terminating his employment. *See Clark v. SMG Corp.*, No. 16-CV-07985, 2018 WL 4699763, at *4 (N.D. Ill. Sept. 30, 2018) (dismissing retaliation claims because it was "unclear from [the plaintiff's] allegations what her internal complaints entailed and whether anyone who engaged in the retaliatory conduct even knew about them"); *Tarpley v. City Colls. of Chi.*, 87 F. Supp. 3d 908, 913–14 (N.D. Ill. 2015) (dismissing Title VII retaliation claim due to lack of allegations that the plaintiff's employer knew of her protected activity). This failure in pleading extends to the causation element as well. *See Prince v. Ill. Dep't of Revenue*, 73 F. Supp. 3d 889, 894 (N.D. Ill. 2010). Additionally, Lee's failure to specify when any alleged protected activity occurred constitutes another fatal pleading deficiency because Lee may only rely on conduct occurring within 300 days of the filing of his EEOC charge (March 4, 2022).

### III. Lee's Claim for Interference with FMLA Rights

Count IV of the complaint alleges that Power Stop unlawfully interfered with Lee's rights under the FMLA. (Compl. ¶¶ 64–71.) "An FMLA interference claim requires (a) a plaintiff eligible for FMLA protection, (b) an employer covered by the FMLA, (c) a plaintiff entitled to FMLA leave, (d) sufficient notice to the employer to take leave, and (e) a denial by the employer of FMLA

6

benefits to which the plaintiff was entitled." *Sahlhoff v. Gurley-Leep Auto. Mgmt. Corp.*, 136 F. Supp. 3d 1003, 1005 (N.D. Ind. 2015).

Lee's FMLA interference claim fails for largely the same reasons as his disability discrimination claims, as discussed in Section I, *supra*. "[A] plaintiff must first show he is entitled to FMLA benefits," which requires showing that "he suffers from a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Bucks v. Mr. Bults, Inc.*, 218 F. Supp. 3d 776, 779 (S.D. Ill. 2016) (cleaned up). "For purposes of FMLA, serious health condition entitling an employee to FMLA leave means an illness, injury, impairment or physical or mental condition that involves inpatient care as defined in § 825.114 or continuing treatment by a health care provider as defined in § 825.115." 29 C.F.R. § 825.113(a). Lee's vague statements regarding his alleged back injury do not plausibly allege that this condition qualified him for FMLA leave. *See Bucks*, 218 F. Supp. 3d at 781 (dismissing FMLA claim where the plaintiff had "not pleaded any facts showing he suffered a serious health condition or how that condition made him unable to perform his job").

From a broader standpoint, Lee's inclusion of both ADA and FMLA claims in the complaint raises a factual inconsistency. Lee alleges that "[r]egardless of the Plaintiff's disability, the Plaintiff is able to perform the essential functions of his job duties, with or without reasonable accommodations." (Compl. ¶ 22.) He also claims, however, that he "was eligible for FMLA leave," (*id.* ¶ 65), which requires showing that he suffers from a serious health condition that makes him unable to perform the functions of his position. Both cannot be true at the same time.

Beyond that, to recover on a claim of interference with FMLA rights, Lee must also show he was prejudiced by the unlawful actions of his employer. *Ridings v. Riverside Med. Ctr.*, 537 F.3d 755, 764 (7th Cir. 2008). In this context, prejudice "mean[s] harm resulting from the

7

violation." *Ziccarelli v. Dart*, 35 F.4th 1079, 1084 (7th Cir. 2022). The FMLA provides qualified employees with 12 weeks of unpaid leave each year. 29 U.S.C. § 2612(a)(1). After Lee informed Power Stop that he had been injured (on February 18, 2022, according to his EEOC position statement), Power Stop granted him unpaid leave for far longer. (*See* Compl. Ex. A at 2.) Using the complaint's date of the termination letter Power Stop sent to Lee, over 38 weeks elapsed. (*See* Compl. ¶ 36.) Using the effective date mentioned in the letter of July 11, 2022, over 20 weeks elapsed. (*Id.*)

Thus, Lee does not and cannot allege that he suffered prejudice as a result of any alleged failure by Power Stop to provide him with FMLA paperwork.[2] Regardless of paperwork, Power Stop granted Lee much more unpaid leave than the law entitled him to. This provides another reason why Lee's FMLA interference claim should be dismissed. *See, e.g.*, *Schnoor v. Publ'ns Int'l, Ltd.*, 03 C 4972, 2005 WL 1651045, at *6 (N.D. Ill. July 7, 2005) (finding the plaintiff "cannot demonstrate that she was prejudiced by PIL's failure to notify her that 12 weeks of her leave would count as her FMLA leave" where "the undisputed evidence shows that Schnoor received far more than the 12 weeks of leave she was entitled to under the FMLA" and she "offer[ed] no evidence that she would have exercised her FMLA rights differently had she known her FMLA leave was running").

## IV.     Lee's FMLA Claim for Retaliation

Count V of the complaint alleges that Power Stop unlawfully retaliated against Lee for exercising his FMLA rights. (Compl. ¶¶ 72–77.) "The elements of a retaliation claim under the FMLA are: (1) the plaintiff engaged in activity protected by the FMLA; (2) the plaintiff suffered

---

[2] Again, Lee's bare allegation that he "has been damaged" as a result of Power Stop's alleged interference with his FMLA rights is a bare recitation of the prejudice element that the Court is not required to accept as true. (Compl. ¶ 71.)

an adverse employment action; and (3) either the plaintiff was treated less favorably than an employee who had not requested leave, or the adverse action was made because of the plaintiff requested or took leave." *Delgado v. Solopak Pharms., Inc.*, No. 96 C 7397, 1997 WL 403703, at *3 (N.D. Ill. July 15, 1997).

Lee's complaint fails to allege either option in the third element. First, Lee "does not allege that [ ]he was treated less favorably than similarly situated employees who did not exercise FMLA rights." *Johnson v. Cent. States Funds*, No. 13 C 5717, 2014 WL 3810641, at *3 (N.D. Ill. July 31, 2014). "[T]he lack of such an allegation is fatal to a plaintiff's claim." *Id.* (citing *Budzban v. DuPage Cty. Reg'l Office of Educ., Addison Sch. Dist. 4*, No. 12 C 900, 2013 WL 147628, at *5 (N.D. Ill. Jan. 14, 2013)). Second, Lee fails to plead facts sufficient to raise a plausible causal connection between any alleged protected activity and the termination of his employment. Courts in this district have dismissed FMLA retaliation claims where four months elapsed between the alleged protected activity and the adverse employment action. *See id.*; *see also Chatman v. Morgan Lewis & Bockius LLP*, No. 10-CV-04679, 2015 WL 1744120, at *11 (N.D. Ill. Apr. 14, 2015) (granting summary judgment to the defendant employer where "eight months elapsed between these two events" because "[t]hat amount of time by itself is too great to establish an inference that there was a causal connection").

Here, the only possible protected activity alleged by Lee is requesting FMLA paperwork from a Power Stop employee. Lee never specifies when or how many times this alleged activity occurred and thus fails to plead the necessary element of causation. His bare allegation that his "request for medical leave pursuant to the FMLA was a direct and proximate cause of his retaliation" is a formulaic recitation and does not suffice. (Compl. ¶¶ 76–77.)

Finally, Lee's FMLA retaliation claim also fails because, as discussed above, he "has not

pleaded any facts showing he suffered a serious health condition or how that condition made him unable to perform his job." *Bucks*, 218 F. Supp. 3d at 781 (dismissing retaliation claim).

## Conclusion

For the reasons discussed above, the motion to dismiss should be granted.


Dated: June 15, 2023                                    Respectfully Submitted,

                                                        POWER STOP, LLC

                                                        _____*/s/ Heather A. Jackson*_____
                                                        By:    One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)
bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

10