UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLINT LEE, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-03211 |
| | ) | |
| v. | ) | |
| | ) | |
| POWER STOP, LLC, | ) | |
| | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Flint Lee ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint pursuant to Fed. R. Civ. P. 15(a)(2) against Power Stop, LLC ("Defendant"), and in support states as follows:

**NATURE OF ACTION**

1. This lawsuit arises out of Plaintiff's employment relationship with Defendant, due to their interference of FMLA rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

**PARTIES**

2. At all times material, Plaintiff was a resident of Cook County, Illinois.

3. At all times material to the allegations in this Complaint, Defendant, Power Stop, LLC, is a corporation doing business in and for Cook County whose address is 6112 W. 73rd Street # 2, Bedford Park, IL 60638-6115.

4. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2) (A).

5. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §2617.

8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Cook County.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## BACKGROUND FACTS

10. The Defendant hired the Plaintiff, Flint Lee, at Power Stop, LLC as a Forklift Operator on or about January 1, 2013, where he worked without issue as a Forklift Operator until 2017.

11. On or about January 1, 2021 the Plaintiff was rehired at Power Stop, LLC and was rehired as a Forklift Operator.

12. Plaintiff was eligible for FMLA Leave entitlement even though he was unaware of his rights under FMLA.

13. Plaintiff was involved in a severe motor vehicle accident in or about September 2021.

14. Plaintiff suffered serious health conditions in the form of lower lumbar and discs injuries that prevented Plaintiff from walking.

15. Plaintiff's also experienced equilibrium issues due to the motor vehicle accident as well.

16. To this day, Plaintiff has limitations and it is difficult for him to bend and squat.

17. As a result of the injuries sustained in the motor vehicle accident, Plaintiff at the recommendation of his medical care provider, requested medical leave so that he could recover and come back to work.

18. The Plaintiff was unable to work and requested medical leave from Danielle in HR.

19. The Plaintiff presented Danielle with all of his medical documentation so the Plaintiff could fill out paper work for FMLA.

20. Danielle in HR did not offer the Plaintiff FMLA or any medical leave options.

21. The Plaintiff continued to inquire and was advised that she, Danielle, would get back to him.

22. This medical leave request was in September 2021.

23. Defendant approved the leave but did not inform Plaintiff of his rights under FMLA and effectively Plaintiff was led to believe his medical leave was approved until his doctor release him back to work.

24. In other words, by Defendant not providing Plaintiff his rights under FMLA, Defendant interfered or restrained Plaintiff from knowing that he was only entitled to 12 weeks of leave under FMLA.

25. Due to Defendant's failure to provide Plaintiff his rights under FMLA, Plaintiff was out on leave for more than 12 weeks but when Plaintiff attempted to return to work on June 2022, Plaintiff was still given an extension of leave under the impression that his job was protected.

26. However, Plaintiff was effectively terminated on July 11, 2022 due to Plaintiff being out on medical leave.

27. The Defendant subjected the Plaintiff to an adverse employment action by terminating his employment due to FMLA interference.

28. Plaintiff would not have been terminated if Plaintiff have full knowledge of his rights under FMLA.

29. Defendant's FMLA interference adversely affected Plaintiff's employment.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT
### (Failure to Provide FMLA Rights and Information)

30. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

31. The Plaintiff was eligible for FMLA leave.

32. At all times material, Plaintiff gave proper notice to his employer by informing them of his serious medical condition.

33. Defendant controlled Plaintiff's work schedule and conditions of employment.

34. Plaintiff provided enough information for his employer to know that his potential leave may be covered by the FMLA.

35. Despite their knowledge of Plaintiff's medical condition and the serious medical situation, his employer failed to notify Plaintiff of his eligibility status and rights under the FMLA.

36. When Plaintiff's employer failed to notify Plaintiff of his eligibility status and rights under the FMLA the Defendant interfered with Plaintiff's rights under the FMLA.

37. As such, Plaintiff was prejudiced by Defendant's failure to provide Plaintiff his rights under FMLA.

38. As a result, Plaintiff has been damaged.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

    b.    Back pay with interest;

    c.    Payment of interest on all back pay recoverable;

    d.    Front pay;

    e.    Loss of benefits;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any further relief pursuant to the FMLA;

    i.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 21st day of July, 2023.

>*/s/Chad W. Eisenback, Esq.*
>Chad W. Eisenback, Esq.
>Nathan C. Volheim, Esq.
>Sulaiman Law Group, Ltd.
>2500 South Highland Avenue, Suite 200
>Lombard, Illinois 60148
>(331) 307-7632
>ceisenback@sulaimanlaw.com
>nvolheim@sulaimanlaw.com
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

>*/s/Chad W. Eisenback, Esq.*
>Chad W. Eisenback, Esq.