UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLINT LEE,<br><br>      Plaintiff,<br><br>v.<br><br>POWER STOP, LLC,<br><br>      Defendant. | Case No: 1:23-cv-03211<br><br>District Judge Pacold<br><br>Magistrate Judge Finnegan |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT**

Defendant Power Stop, LLC, through its undersigned counsel, provides its answer and defenses to Plaintiff's First Amended Complaint as follows. Any allegations contained in the complaint not specifically admitted herein are hereby expressly denied.

1.      This lawsuit arises out of Plaintiff's employment relationship with Defendant, due to their interference of FMLA rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

**Answer:**      Defendant Power Stop admits that Plaintiff is its former employee and denies any remaining allegations of Paragraph 1.

2.      At all times material, Plaintiff was a resident of Cook County, Illinois.

**Answer:**      Defendant Power Stop admits the allegations of Paragraph 2.

3.      At all times material to the allegations in this Complaint, Defendant, Power Stop, LLC, is a corporation doing business in and for Cook County whose address is 6112 W. 73rd Street # 2, Bedford Park, IL 60638-6115.

**Answer:**      Defendant Power Stop admits the allegations of Paragraph 3.

4.      At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2) (A).

 **Answer:** Defendant Power Stop denies the allegations of Paragraph 4.

 5. At all times material, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

 **Answer:** Defendant Power Stop admits the allegations of Paragraph 5.

 6. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*

 **Answer:** Defendant Power Stop admits the allegations of Paragraph 6.

 7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §2617.

 **Answer:** Defendant Power Stop admits the allegations of Paragraph 7.

 8. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred within this judicial district and because Defendant has systematic and continuous contacts within the district and because the employment records of Plaintiff are stored or have been administered, in Cook County.

 **Answer:** Defendant Power Stop denies that the "acts complained of by Plaintiff occurred," and otherwise admits the allegations of Paragraph 8.

 9. Plaintiff has complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

 **Answer:** Defendant Power Stop lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9, and therefore denies them.

 10. The Defendant hired the Plaintiff, Flint Lee, at Power Stop, LLC as a Forklift Operator on or about January 1, 2013, where he worked without issue as a Forklift Operator until 2017.

 **Answer:** Defendant Power Stop admits that Plaintiff was an employee of Power Stop from April 2013 to August 31, 2015 and that his position was forklift operator. Defendant denies any remaining allegations of Paragraph 10.

11. On or about January 1, 2021 the Plaintiff was rehired at Power Stop, LLC and was rehired as a Forklift Operator.

**Answer:** Defendant Power Stop admits that it rehired Plaintiff as a forklift operator and denies any remaining allegations of Paragraph 11. Defendant rehired Plaintiff in September 2021, and he began his employment on September 15.

12. Plaintiff was eligible for FMLA Leave entitlement even though he was unaware of his rights under FMLA.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 12.

13. Plaintiff was involved in a severe motor vehicle accident in or about September 2021.

**Answer:** Defendant Power Stop lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, and therefore denies them.

14. Plaintiff suffered serious health conditions in the form of lower lumbar and discs injuries that prevented Plaintiff from walking.

**Answer:** Defendant Power Stop lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14, and therefore denies them.

15. Plaintiff's [sic] also experienced equilibrium issues due to the motor vehicle accident as well.

**Answer:** Defendant Power Stop lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15, and therefore denies them.

16. To this day, Plaintiff has limitations and it is difficult for him to bend and squat.

**Answer:** Defendant Power Stop lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, and therefore denies them.

17. As a result of the injuries sustained in the motor vehicle accident, Plaintiff at the

recommendation of his medical care provider, requested medical leave so that he could recover and come back to work.

**Answer:** Defendant Power Stop admits that Plaintiff stated he was in a car accident and requested "a week or two" off work. Defendant denies any remaining allegations of Paragraph 17.

18. The Plaintiff was unable to work and requested medical leave from Danielle in HR.

**Answer:** Defendant Power Stop admits that Plaintiff stated he was in a car accident and requested "a week or two" off work. Defendant denies any remaining allegations of Paragraph 18.

19. The Plaintiff presented Danielle with all of his medical documentation so the Plaintiff could fill out paper work for FMLA.

**Answer:** Defendant Power Stop admits that Plaintiff provided several doctor's notes and other medical forms to Power Stop between March and May 2022. Defendant denies any remaining allegations of Paragraph 19.

20. Danielle in HR did not offer the Plaintiff FMLA or any medical leave options.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 20.

21. The Plaintiff continued to inquire and was advised that she, Danielle, would get back to him.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 21.

22. This medical leave request was in September 2021.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 22. On February 21, 2022, Plaintiff told Defendant that he had been in a car accident and requested "a week or two" off work.

128114891v2

23. Defendant approved the leave but did not inform Plaintiff of his rights under FMLA and effectively Plaintiff was led to believe his medical leave was approved until his doctor release him back to work.

**Answer:** Defendant Power Stop admits that it granted Plaintiff unpaid leave and denies any remaining allegations of Paragraph 23.

24. In other words, by Defendant not providing Plaintiff his rights under FMLA, Defendant interfered or restrained Plaintiff from knowing that he was only entitled to 12 weeks of leave under FMLA.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 24.

25. Due to Defendant's failure to provide Plaintiff his rights under FMLA, Plaintiff was out on leave for more than 12 weeks but when Plaintiff attempted to return to work on June 2022, Plaintiff was still given an extension of leave under the impression that his job was protected.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 25.

26. However, Plaintiff was effectively terminated on July 11, 2022 due to Plaintiff being out on medical leave.

**Answer:** Defendant Power Stop admits that it terminated Plaintiff's employment on November 23, 2022, and that the letter it sent to Plaintiff at that time stated his employment was terminated effective July 11, 2022. Defendant denies any remaining allegations of Paragraph 27.

27. The Defendant subjected the Plaintiff to an adverse employment action by terminating his employment due to FMLA interference.

**Answer:** Defendant Power Stop admits that it terminated Plaintiff's employment and denies any remaining allegations of Paragraph 26.

28. Plaintiff would not have been terminated if Plaintiff have full knowledge of his rights under FMLA.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 28.

29. Defendant's FMLA interference adversely affected Plaintiff's employment.

5

**Answer:** Defendant Power Stop denies the allegations of Paragraph 29.

30. Plaintiff repeats and re-alleges paragraphs 1-29 as if fully stated herein.

**Answer:** Defendant Power Stop restates its answers to the allegations set forth in each of the above Paragraphs.

31. The Plaintiff was eligible for FMLA leave.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 31.

32. At all times material, Plaintiff gave proper notice to his employer by informing them of his serious medical condition.

**Answer:** Defendant Power Stop admits that Plaintiff stated he was in a car accident and requested "a week or two" off work. Defendant denies any remaining allegations of Paragraph 32.

33. Defendant controlled Plaintiff's work schedule and conditions of employment.

**Answer:** Defendant Power Stop admits the allegations of Paragraph 33.

34. Plaintiff provided enough information for his employer to know that his potential leave may be covered by the FMLA.

**Answer:** Defendant Power Stop admits that it sent FMLA paperwork to Plaintiff on April 13, 2022, and again on May 31, 2022. Power Stop denies any remaining allegations of Paragraph 34.

35. Despite their knowledge of Plaintiff's medical condition and the serious medical situation, his employer failed to notify Plaintiff of his eligibility status and rights under the FMLA.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 35.

36. When Plaintiff's employer failed to notify Plaintiff of his eligibility status and rights under the FMLA the Defendant interfered with Plaintiff's rights under the FMLA.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 36.

37. As such, Plaintiff was prejudiced by Defendant's failure to provide Plaintiff his rights under FMLA.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 37.

38. As a result, Plaintiff has been damaged.

**Answer:** Defendant Power Stop denies the allegations of Paragraph 38.

## Affirmative Defenses

Defendant asserts the following affirmative defenses:

1. Plaintiff fails to state a claim against Defendant, in whole or in part, upon which relief can be granted.

2. To the extent Plaintiff seeks damages not recoverable under the FMLA, Plaintiff is barred from such recovery.

3. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by the doctrines of estoppel, waiver, laches, and/or unclean hands.

4. Subject to reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are time-barred.

5. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are limited by the doctrine of after-acquired evidence.

6. Plaintiff has no right to any relief because Defendant would have made the same decisions or taken the same actions absent any allegedly unlawful motivation.

7. Defendant's purported actions were based on legitimate, non-discriminatory, non-retaliatory reasons, and job-related standards consistent with business necessity.

8. Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by Plaintiff's failure to mitigate his damages.

9. Plaintiff is not entitled to compensatory damages or attorney's fees because Defendant did not at any time engage in any unlawful, willful, reckless, or malicious conduct toward Plaintiff or with intent to injure Plaintiff or with knowledge or belief that injury was substantially certain to occur.

10. Plaintiff's claims, in whole or in part, are limited or barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

11. Defendant reserves the right to supplement or amend its affirmative defenses.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff, plus costs of this action and all other just and proper relief.

Dated: August 4, 2023

Respectfully Submitted,

POWER STOP, LLC

*/s/ Heather A. Jackson*
By: One of Its Attorneys

Heather A. Jackson
hjackson@taftlaw.com
Benjamin Morrell
bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
312-527-4000

128114891v2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FLINT LEE, <br><br> Plaintiff, <br><br> v. <br><br> POWER STOP, LLC, <br><br> Defendant. | Case No: 1:23-cv-03211 <br><br> District Judge Pacold <br><br> Magistrate Judge Finnegan |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: August 4, 2023

*/s/ Heather A. Jackson*
Counsel for Defendant

9

128114891v2