UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLINT LEE, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-03211 |
| | ) |
| v. | ) |
| | ) |
| POWER STOP, LLC, | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

**JOINT INITIAL STATUS REPORT**

Pursuant to this Court's August 7, 2023 Order [Dkt No. 20], the parties have conferred as required by Rule 26(f), and jointly submit the following Initial Status Report. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I. The Nature of the Case

    a. **Attorneys of Record:**

| | |
|---|---|
| **Nathan C. Volheim, Esq.** (Lead Attorney)<br>**Chad Eisenback, Esq.**<br>SULAIMAN LAW GROUP LTD.<br>2500 South Highland Ave., Suite 200<br>Lombard, IL 60148<br>(630) 575-8181<br>nvolheim@sulaimanlaw.com<br>ceisenback@sulaimanlaw.com<br>*Attorneys for Plaintiff* | **Heather A. Jackson, Esq.** (Lead)<br>**Benjamin S. Morrell, Esq.**<br>TAFT STETTINIUS & HOLLISTER LLP<br>111 E. Wacker Dr., Ste. 2600<br>Chicago, IL 60601<br>(312) 527-4000<br>hjackson@taftlaw.com<br>bmorrell@taftlaw.com<br>*Counsel for Defendant* |

1

II. **Discovery and Pending Motions:**

    a. **Discovery Needed:**

        i. Written and oral discovery will be needed, including employment documents related to Plaintiff, employment policies and trainings, text messages, other electronic communications, witness statements, and damages-related discovery. Plaintiff contends that employment documents regarding the medical leave will also be relevant, although that issue will likely be disputed. Defendant will require discovery from plaintiff as to the alleged facts supporting his claims and damages.

        ii. The parties do not anticipate needing additional depositions beyond the ten per side that are allowed without leave of the Court. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). At this time, Plaintiff anticipates taking three depositions, and Defendant anticipates taking one.

        iii. Discovery will likely not encompass electronically stored information (ESI). The parties have agreed to electronic service and do not anticipate any issues regarding disclosure or discovery of ESI.

        iv. At this time, there are no issues or specific agreements regarding claims of privilege or protection of trial preparation materials, except that the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d). The parties anticipate submitting to the Court a proposed Confidentiality Order, which will be based on the Model Confidentiality Order under Form LR 26.2.

v. The parties anticipate that a HIPAA authorization and/or HIPAA order may be sought to obtain medical records.

b. **Proposed Discovery Deadlines:**

i. Rule 26(a)(1) disclosures: **September 1, 2023.**

ii. Amended pleadings: because Plaintiff has already filed an amended complaint (to which Defendant has filed an answer), the parties do not anticipate further amendments to the pleadings.

iii. Issue first-set of Written Discovery Requests: **September 15, 2023.**

iv. Issue non-party subpoenas, if any: **December 15, 2023**

v. Fact Discovery Completion: **February 16, 2024.**

vi. File dispositive motions: **March 29, 2023.**

c. **Expert Discovery:**

At this time parties do not anticipate the need for expert discovery and request a status hearing near the completion of fact discovery to advise the Court whether expert discovery is needed.

III. **Trial:**

a. Plaintiff has demanded a Jury Trial.

b. The parties anticipate being ready for trial by: **July 15, 2024.**

c. Estimated length of trial will be 2-3 days.

3

IV. **Consent to Proceed Before a United States Magistrate Judge:**

    a. Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and the parties do not unanimously consent to that procedure.

V. **Settlement**

    a. Plaintiff has made a settlement demand, which Defendant has rejected. The parties are not currently engaged in further discussions concerning settlement.

    b. At this time, the parties do not mutually request a settlement conference.

Respectfully submitted this 18th day of August, 2023.

| | |
|---|---|
| **s/ Nathan C. Volheim** | **/s/ Benjamin S. Morrell w/ consent** |
| Nathan C. Volheim, Esq | Heather A. Jackson, Esq. (Lead) |
| Chad Eisenback, Esq/ | Benjamin S. Morrell, Esq. |
| Sulaiman Law Group LTD. | Taft Stettinius & Hollister LLP |
| 2500 S. Highland Avenue, Suite 200 | 111 E. Wacker Dr., Ste. 2600 |
| Lombard, Illinois 60148 | Chicago, IL 60601 |
| Phone (630) 575-8181 | (312) 527-4000 |
| nvolheim@sulaimanlaw.com | hjackson@taftlaw.com |
| ceisenback@sulaimanlaw.com | bmorrell@taftlaw.com |
| *Attorneys for Plaintiff* | *Counsel for Defendant* |