UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLINT LEE, | |
|     Plaintiff, | |
| v. | Case No. 1:23-cv-03211 |
| POWER STOP, LLC, | District Judge Pacold |
|     Defendant. | Magistrate Judge Finnegan |

## MOTION TO COMPEL

    Defendant Power Stop, LLC, by and through undersigned counsel, moves for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). Specifically, Defendant requests that the Court issue an order compelling Plaintiff to provide full and complete responses to nine interrogatories and 24 requests for production of documents issued by Defendant, along with a privilege log, and related relief. In support of this motion, Defendant states as follows:

    1.    Defendant issued discovery requests, including interrogatories and requests for production of documents, to Plaintiff Lee on September 15, 2023. Plaintiff provided responses on October 15 and 16. Plaintiff then provided supplemental interrogatory responses on November 10 in response to a deficiency letter sent by Defendant.

    2.    Plaintiff's interrogatory answers fail to provide information requested by the interrogatories at issue, including specific details regarding communications between Plaintiff and Defendant's employees. They also fail to identify documents as requested or even state whether Plaintiff is in possession of responsive documents. As such, Plaintiff's interrogatory answers fail to comply with Rule 33's requirement that interrogatories "be answered . . . fully." Fed. R. Civ. P. 33(b)(3).

    3.    Nearly all of Plaintiff's responses to Defendant's requests for production of documents are identical, referring to one response that lists the bates numbers of every page of documents produced by Plaintiff in this litigation. They make the same boilerplate objections without

detail or elaboration. And they do not state whether Plaintiff is in possession of responsive documents. Thus, Plaintiff's responses fail to comply with several provisions of Rule 34. The Court should overrule Plaintiff's objections and order him to produce any documents withheld pursuant to them.

4. Additionally, Plaintiff objects to many of Defendant's discovery requests on the basis of privilege. But Plaintiff has not produced a privilege log, as required by Rule 26(b)(5).

5. Defendant requests that in addition to granting its motion and requiring Plaintiff to provide full and complete responses to Defendant's discovery requests, the Court award Defendants its reasonable costs, including attorney's fees, incurred in making this motion, pursuant to Rule 37(a)(5)(A).

6. Pursuant to Local Rule 37.2, undersigned counsel hereby certifies that counsel attempted in good faith to engage in a consultation with Plaintiff's counsel by phone to resolve the disputes at issue in this motion. But counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's.

7. Specifically, Benjamin Morrell (counsel for Defendant) sent a letter to Chad Eisenback and Nathan Volheim (counsel for Plaintiff) on November 1, 2023, concerning deficiencies in Plaintiff's responses to Defendant's written discovery requests. The letter requested that Plaintiff "correct the deficiencies described below within the next 10 days or provide a date and time for a telephone conference pursuant to Local Rule 37.2 to discuss the issues so that we may avoid seeking court intervention." A copy of this letter is attached hereto as **Exhibit 5**.

8. Plaintiff's counsel did not respond directly, but Plaintiff served supplemental interrogatory responses on November 10 providing some of the additional information sought by Defendant in its letter. Thus, the supplemental interrogatory responses resolved some but not all of the issues in dispute. Plaintiff did not provide supplemental responses to Defendant's requests for production of documents.

9. On November 13, Benjamin Morrell (counsel for Defendant) sent an email to Chad

Eisenback and Nathan Volheim (counsel for Plaintiff) acknowledging receipt of Plaintiff's supplemental interrogatory responses and seeking their availability during the week of November 13 "for a phone call to discuss remaining issues with Plaintiff's discovery responses and document production." The email included four times on November 15 or 16 when defense counsel would be available for such a call, and further stated: "If none of these work, please let me know a time that does." A copy of this email is attached hereto as **Exhibit 7**. Plaintiff's counsel never responded to the email.

10. Defendant submits that these communications also satisfy the requirement in the applicable standing order regarding motion practice to "ask opposing counsel whether there is an objection to the motion,"[1] as Defendant's deficiency letter made clear that these communications were sent pursuant to Local Rule 37.2 and to "avoid seeking court intervention." (Ex. 7 at 1.)

11. Defendant shall, within 24 hours of filing this motion and supporting documents, provide courtesy copies of the same to the Court, pursuant to the applicable standing order regarding motion practice.

12. In further support of its motion, Defendant submits an accompanying memorandum of law as well as several exhibits consisting of the Parties' relevant written discovery requests, responses, and correspondence:

- Ex. 1 - Defendant's first set of written discovery requests to Plaintiff;
- Ex. 2 - Plaintiff's responses to Defendant's requests for production of documents;
- Ex. 3 - Plaintiff's initial answers to Defendant's interrogatories (verified);
- Ex. 4 - Email enclosing Plaintiff's document production;
- Ex. 5 - Letter to Plaintiff from Defendant regarding deficiencies in Plaintiff's discovery responses;
- Ex. 6 - Plaintiff's supplemental answers to Defendant's interrogatories; and
- Ex. 7 - Email from defense counsel to Plaintiff's counsel attempting to schedule a

---

[1] *See* https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=1279.

meet and confer by phone.

For these reasons, explained more fully in the accompanying memorandum of law, Defendant respectfully requests that the Court grant its motion, issue an order compelling Plaintiff to provide the requested discovery and a privilege log, and award Defendant its reasonable expenses, including attorney's fees, incurred in making this motion.

Dated: November 20, 2023

Respectfully submitted,

POWER STOP, LLC

/s/ Benjamin S. Morrell

By: One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)
bmorrell@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

4

## CERTIFICATE OF SERVICE

      I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

      Date: November 20, 2023

                                                             s/ *Benjamin S. Morrell*
                                                               Benjamin S. Morrell
                                                               *Counsel for Defendant*