# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FLINT LEE, | |
|     Plaintiff, | Case No. 1:23-cv-03211 |
| v. | District Judge Pacold |
| POWER STOP, LLC, | Magistrate Judge Finnegan |
|     Defendant. | |

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiff Lee's discovery responses fail to provide information specifically requested and fail to state whether Lee is in possession of responsive documents. They also advance boilerplate objections that fail to provide any detail or elaboration. Lee's responses thus fail to comply with the requirements of Rule 26, 33, and 34. After engaging in unsuccessful efforts to meet and confer with Plaintiff's counsel, Defendant Power Stop moves for an order (1) compelling Lee to provide full and complete responses to nine interrogatories and 24 requests for production of documents, (2) compelling him to provide a privilege log (as he has objected to many discovery requests on the basis of privilege), and (3) awarding Power Stop its reasonable fees and expenses incurred in making this motion.

### BACKGROUND

Lee is a former employee of Power Stop. His amended complaint alleges a single count of interference with FMLA rights. (D.E. 17.) Lee admits that Power Stop approved a request for medical leave he claims he made during his employment, but alleges that the company nevertheless interfered with his FMLA rights by failing to inform him "that he was only entitled to 12 weeks of leave" under the statute. (*Id.* at 3.) Power Stop terminated Lee's employment over nine months after Lee had last performed work for the company—and over five months after the return-to-work date set by his most recent doctor's note—concluding that Lee had abandoned his job after he failed to return to work or communicate with Power Stop about doing so. (*See* D.E. 18 at 4–5.)

Power Stop issued its first set of discovery requests to Lee on September 15, 2023. (**Ex. 1**.) It included 15 requests for admission ("RFAs"), 18 interrogatories, and 25 requests for production of documents ("RFPs"). Lee provided responses to the RFAs and RFPs, as well as unverified responses to the interrogatories, on October 16. (**Ex. 2** (responses to RFPs).) He provided identical interrogatory responses with verification the next day. (**Ex. 3**.) Lee also produced to Power Stop 121 pages of documents, consisting of medical records, tax documents, pay statements from Power Stop, and documents submitted to or received from the EEOC. (*See* **Ex. 4**.)

Lee substantively responded to only two of Power Stop's interrogatories, answering the other 16 by simply referring to his answer to Interrogatory 3, regardless of whether its content was actually responsive to the interrogatory at issue. Lee's response to Interrogatory 3, meanwhile, was nearly identical to a statement contained in his charge of discrimination submitted to the EEOC in December 2022, claiming that he was "terminated for pretextual reasons and discriminated against on the basis of . . . disability in violation of the Americans with Disabilities Act and the Illinois Human Rights Act." (*Compare* Ex. 3 at 3, *with* D.E. 1-2.) This is despite the fact that Lee's amended complaint does not assert any claim under either statute.

Lee's responses to Power Stop's requests for production followed a similar structure. Lee substantively responded only to RFP 3, responding to 23 others by simply referring to his response to that request. (He also objected and refused to respond to one RFP, stating that he would "supplement this responses pursuant to applicable rules." (Ex. 2 at 3.)) Lee's response to RFP 3, meanwhile, provided bates numbers for the entirety of the 121 pages of documents he has produced in this litigation. (*Id.* at 4.) None of the responses specified whether or not Lee is in possession of any responsive documents.

Power Stop sent a letter to Plaintiff's counsel on November 1, 2023, outlining deficiencies in Lee's responses to 17 of its interrogatories and 24 of its RFPs and requesting that he correct the deficiencies or provide a date and time for a telephone conference pursuant to Local Rule 37.2 to discuss the issues. (**Ex. 5**.) Lee never directly responded to Power Stop's letter, but he served supplemental interrogatory responses on November 10, providing some of the additional information

Power Stop had requested. (**Ex. 6**.) Thus, the supplemental responses resolved some but not all of the issues in dispute. Lee did not provide supplemental responses to the RFPs.

Counsel for Power Stop sent an email to Plaintiff's counsel on November 13, 2023, seeking to schedule a telephone call pursuant to Local Rule 37.2 during that week to discuss the disputes that remained after Lee provided supplemental interrogatory responses. (**Ex. 7**.) Plaintiff's counsel never responded.

## LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Under Rule 37, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of this rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If the motion to compel is granted, or if the requested discovery is provided after the motion is filed, the Court must require the non-movant, his attorney, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

## ARGUMENT

**I.  Lee's responses to Power Stop's interrogatories fail to comply with Rule 33.**

"It is well established that an answer to an interrogatory must be responsive to the question" and "be complete in itself." *Meridian Labs., Inc. v. OncoGenerix USA, Inc.*, No. 18 CV 6007, 2021 WL 4768256, at *3 (N.D. Ill. Jan. 6, 2021) (cleaned up). Rule 33 itself makes clear that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately *and fully* in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Lee's supplemental interrogatory answers fail to provide information specifically asked for by the interrogatory at issue. Power Stop discusses each below.

*Interrogatory 4.* This interrogatory requests information regarding communications and documents supporting Lee's claim that Power Stop interfered with his rights under the FMLA. (Ex. 1 at 4.) Lee's supplemental answer does not identify any specific communication or document other than referencing "emails to HR" and "text messages [Lee] exchanged with the warehouse manager" at Power Stop, both of which Lee claims to no longer possess. (Ex. 6 at 3.) It does not provide specific information requested by Interrogatory 4 (i.e., the date, content, and length of communications). Lee refers to his responses to RFPs 2 and 3 "for copies of all documents and communications within his possession which Defendant inquires about in their Interrogatory No. 4." (*Id.*) Those RFP responses cite every page of documents Lee has produced so far in this litigation. (Ex. 2 at 3–4.) Thus, Lee fails to specify whether any of these cited documents are responsive to this interrogatory.

Additionally, the Rider to Power Stop's discovery requests containing definitions and instructions states: "If any requested Document and/or Communication is not available or accessible in the full detail requested, such request shall be deemed to call for sufficient explanation for the reasons therefore, as well as all Documents and/or Communications that are available or accessible." (Ex. 1 at 11–12.) Lee does not provide any explanation for why he no longer possesses the documents he describes in his supplemental answer.

*Interrogatory 5.* This interrogatory requests information regarding every "serious medical condition" that Lee claims made him eligible for FMLA leave during his employment with Power Stop. (Ex. 1 at 4.) In his supplemental response, Lee refuses to answer and objects on the grounds that this interrogatory, according to him, "seeks a legal conclusion/analysis or expert testimony." (Ex. 6 at 3.) It does no such thing. It merely asks Lee to articulate the basis for his claim.

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Indeed, a primary purpose of discovery is "to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *O2 Micro Int'l Ltd. v.*

*Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). To that end, courts have required plaintiffs in FMLA interference cases to respond to interrogatories exactly like Interrogatory 5 here. *E.g.*, *Hemminghaus v. Missouri*, No. 4:11-CV-00736 CDP, 2012 WL 2154522, at *5 (E.D. Mo. June 13, 2012) (granting motion to compel the plaintiff to answer an interrogatory asking her "to identify the serious health conditions of her or her children that necessitated the FMLA request alleged in her Complaint").

In *Hemminghaus*, the plaintiff (like Lee here) also argued "that the answer can be obtained from another source because it already lies in the medical evidence." *Id.* The court rejected this argument and found that she "should be able to identify the conditions upon which she contends her Complaint lies, and such identification will serve the purpose of narrowing the issues as the Advisory Committee intended when amending Federal Rule of Civil Procedure 33." *Id.*; *see* Fed. R. Civ. P. 33(b), advisory comm. n. to 1970 amend. ("As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."). The Court should similarly overrule Lee's objection and compel him to answer to this interrogatory.

*Interrogatory 6.* This interrogatory requests information regarding communications and documents informing Power Stop of Lee's alleged "serious medical condition." (Ex. 1 at 5.) Lee's supplemental answer identifies "verbal conversations with Danielle," "emails and . . . phone calls to HR," and text messages "with warehouse manager, Art." (Ex. 6 at 4.) But he does not provide specific information requested by Interrogatory 6 (i.e., the date, content, and length of such communications). Nor does he specify which of these communications he possesses documents reflecting or identify where those documents may be found in his production.

*Interrogatory 7.* This interrogatory requests information regarding communications and documents supporting Lee's allegation that he communicated with Power Stop to request and inquire about medical leave. (Ex. 1 at 5.) Lee's supplemental answer is nearly identical to his supplemental answer to Interrogatory 6 and thus has similar problems. (*See* Ex. 6 at 4.) He does not provide specific information requested by Interrogatory 6 (i.e., the date, content, and length of such

5

communications). Nor does he specify which of these communications he possesses documents reflecting or identify where those documents may be found in his production.

*Interrogatory 8*. This interrogatory requests information regarding communications and documents supporting Lee's allegation that he provided Power Stop with medical documentation. (Ex. 1 at 5.) Lee's supplemental answer states that "he handed his FMLA paperwork to Danielle, which Defendant is now in sole possession of," and that he "sent emails and made phone calls to HR." (Ex. 6 at 5.) But he does not provide specific information requested by Interrogatory 8 (i.e., the date, content, and length of such communications). Nor does he specify which of these communications he possesses documents reflecting or identify where those documents may be found in his production.

*Interrogatory 9*. This interrogatory requests information regarding communications and documents supporting Lee's allegation that he attempted to return to work in June 2022. (Ex. 1 at 5.) Lee's supplemental answer states that "he called HR several times to get a return to work date but never got a response." (Ex. 6 at 5.) But he does not provide specific information requested by Interrogatory 9 (i.e., the date, content, participants, and length of such communications). Nor does he specify which of these communications he possesses documents reflecting or identify where those documents may be found in his production.

*Interrogatory 12*. This interrogatory requests information regarding Lee's efforts to secure alternative employment since February 2021. (Ex. 1 at 6.) Lee's supplemental answer states: "I have applied for numerous positions online through IDES workforce for which I am qualified, but have been unable to access those documents." (Ex. 6 at 7.) But he does not provide specific information requested by Interrogatory 12 (i.e., the date he applied, efforts he made to market himself, whether he was qualified, whether he was offered the position and when, and whether he accepted, whether he was told he would not be offered the position and when). Nor does he provide a "sufficient explanation for the reasons" why he is apparently unable to access the documents he submitted to the Illinois Department of Employment Security, as requested by the Rider to Power Stop's discovery requests. (Ex. 1 at 11–12.)

*Interrogatory 13.* This interrogatory requests information regarding income received by Lee since January 2021. (Ex. 1 at 6.) Lee's supplemental answer states: "workmen's compensation and unemployment compensation." But he does not provide specific information requested by Interrogatory 13 (i.e., gross and net amounts by week from each source, all positions held, employers he worked for, and dates of employment).

*Interrogatory 16.* This interrogatory requests information regarding the time periods since January 2021 during which Lee experienced difficulty bending or squatting (or both). (Ex. 1 at 7.) Lee's supplemental answer states: "March and September," but does not specify which year. (Ex. 6 at 8.)

***

To the extent Lee attempts to answer Power Stop's interrogatories pursuant to Rule 33(d)—by incorporating into his supplemental responses his initial responses, which themselves refer to his response to RFP 3[1]—he "must specify the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *ExactLogix, Inc. v. JobProgress. LLC*, No. 18 CV 50213, 2020 WL 13220038, at *3 (N.D. Ill. Apr. 7, 2020) (cleaned up). Citing every page of his document production for every answer to Power Stop's interrogatories is not sufficiently specific to comply with this requirement.

Lee's answers to Power Stop's interrogatories are incomplete in the ways described above and thus fail to comply with Rule 33's requirement that he "fully" answer them. The Court should order Lee to provide full answers that comply with Rule 33.

---

[1] Tracking each layer of references and incorporations shows how difficult Lee's responses are to discern. Each of Lee's supplemental interrogatory answers incorporates his initial answer to the same interrogatory. (Ex. 6 at 2–9.) His initial answers to Interrogatories 4–9, 12, 13, and 16 incorporate his initial answer to Interrogatory 3. (Ex. 3 at 3–5, 7, 8.) That answer refers to Lee's response to RFP 3. (*Id.* at 2–3.) Lee's response to RFP 3 states, in addition to objections: "see Plaintiff's Production at (LEE 0001 – 0121) for all documents relevant to Plaintiff's employment and this case within his possession." (Ex. 2 at 4.) Referring to those documents shows every page of documents Lee has produced to Power Stop in this litigation. (*See* Ex. 4 at 1.) This needlessly complicated structure imposes an unnecessary burden on Power Stop and its counsel in what should be a straightforward task.

**II.     Lee's responses to Power Stop's requests for production of documents fail to comply with Rule 34.**

Unlike the interrogatories, Lee has not provided supplemental responses to Power Stop's RFPs.

*RFPs 2, 4–25*. Each of Lee's responses to these 23 RFPs is identical to the others. Power Stop therefore discusses them together. They state:

> RESPONSE: Plaintiff objects to this request to the extent that it requests documents protected by attorney-client privilege or work product doctrine and for the reason that it is repetitive, not limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and because it requests documents within its own possession. Without waiving these objections, see Plaintiff's Response to Request for Production of Documents No. 3 for all documents relevant to Plaintiff's employment and this case within his possession.

(Ex. 2 at 3–9 (bold emphasis omitted).) Lee's response to RFP 3, meanwhile, provides bates numbers of all 121 pages of documents he has produced in this litigation. (*Id.* at 4; *see* Ex. 4 at 1.)

"A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(2)(E)(i). Lee makes no attempt to organize his production or specify which documents he has produced correspond to specific RFPs issued by Power Stop. Nor does he specify whether or not he is even in possession of any responsive documents, or is withholding any pursuant to his objections. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

*RFP 1*. This request seeks documents on which Lee will rely to support or evidence his claims at trial in this case. (Ex. 1 at 8.) Lee objects to this RFP on the grounds that "it is premature" and states that he "will supplement this responses pursuant to applicable rules." (Ex. 2 at 3.) He has not done so.

*Privilege log*. Lee objected to nearly all of Power Stop's discovery requests on the basis of the attorney-client privilege or work-product doctrine. (*See* Ex. 2 at 3–9; Ex. 3 at 1–8.) But he did not produce a privilege log, as required by Fed. R. Civ. P. 26(b)(5), or even state whether he is withholding documents pursuant to any claim of privilege.

8

Lee's responses to Power Stop's RFPs are thus deficient in the ways described above. The Court should require Lee to provide meaningful responses to these requests rather than copy and paste the same verbatim language in response to each one.

### III. The Court should overrule Lee's boilerplate objections to Power Stop's discovery requests.

Lee advances the exact same objections to 17 of Power Stop's interrogatories, asserting (in addition to privilege) that each "is repetitive, overly broad, unduly burdensome, vague, seeks information not related to any party's claims or defenses, not reasonably expected to lead to discoverable evidence, and . . . seeks information within [Power Stop's] own possession." (Ex. 3 at 2–8; *see also* Ex. 6 at 2–9 (incorporating into Lee's supplemental answers the objections contained in his initial answers).) Lee similarly advances the exact same objections to 23 of Power Stop's RFPs, asserting (in addition to privilege) that each "is repetitive, not limited in temporal scope, not reasonably calculated to lead to the discovery of admissible evidence, and . . . requests documents within [Power Stop's] own possession." (Ex. 2 at 3–9.) Lee's objection to RFP 3 is similar but not identical, asserting that it "is repetitive, overbroad, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and . . . requests documents within its own possession." (*Id.* at 4.)

None of Lee's objections to Power Stop's discovery requests attempt to explain how any of them apply to any particular request. Many obviously do not apply. For example, Power Stop requested categories of documents plainly not already "within in its own possession," like Lee's medical records, documents regarding his efforts to secure employment, and his tax returns.

Rule 33 requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Rule 34 similarly provides that a response to a RFP must "state with specificity the grounds for objections to the request." Fed. R. Civ. P. 34(b)(2)(B). Lee fails to do so with regard to all of his objections. "An objection to discovery is not satisfied by the invocation of routinized boilerplate objections rather than actually showing why a discovery request is improper." *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2017 WL

9

5890923, at *2 (N.D. Ill. Nov. 29, 2017).

Accordingly, the Court should overrule all of Lee's boilerplate objections and order him to produce any information or documents he has withheld on the basis of these objections. *See, e.g.*, *Boyd v. Lazer Spot, Inc.*, No. 19 C 8173, 2022 WL 2865881, at *2 (N.D. Ill. July 6, 2022) ("[W]ithin 14 days of this order, Defendant must produce all documents within its possession, custody, or control that are responsive to Request for Production No. 15, including any documents it previously withheld on the basis of its now-overruled objections."). If Lee has not withheld any information or documents pursuant to these objections, the Court should require him to provide Power Stop "with a memorialization to that effect" under oath. *Id.*

## IV. The Court should award Power Stop its reasonable expenses and fees incurred in bringing this motion.

If a motion to compel is granted, or if the requested discovery is provided after the motion is filed, the Court must require the non-movant, his attorney, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Thus, the payment of fees is mandatory absent a showing of substantial justification or mitigating circumstances that would make an award of expenses unjust. *Id.*; *see Rickels v. City of South Bend*, 33 F.3d 785, 786–87 (7th Cir. 1994) ("The great operative principal of Rule 37(a)[(5)] is that the loser pays.").

Lee has the burden to show that either exception applies, and he cannot do so. *See Hirsch v. Will Cty.*, No. 19 CV 7398, 2023 WL 6809609, at *4 (N.D. Ill. Oct. 15, 2023). First, Power Stop "fully exhausted [its] meet and confer efforts" with respect to the discovery at issue. *Id.* It sent a detailed letter to Lee's counsel describing the deficiencies of his discovery responses. Lee never responded directly and then provided supplemental interrogatory responses only after receiving the letter. Power Stop further engaged in the meet-and-confer process by attempting to schedule a phone call to discuss remaining issues, as Lee did not provide supplemental RFP responses and his supplemental interrogatory responses did not address all the issues discussed in the letter. But Lee chose to not respond at all.

Lee cannot show that he was substantially justified in ignoring Power Stop's attempts to meet and confer or in providing initial discovery responses that copied and pasted the same verbatim responses and objections for each request. Nor can he establish any other circumstance that excuses his failure to meaningfully participate in the meet-and-confer process. Accordingly, the Court should award Power Stop its fees and expenses incurred in bringing this motion.

## CONCLUSION

For the reasons discussed above, the Court should grant Power Stop's motion and issue an order providing the following relief:

(a) directing Lee to provide complete supplemental responses to Interrogatories 4–9, 12, 13, and 16 that contain all of the information requested by the relevant interrogatory;

(b) directing Lee to provide complete supplemental responses to RFPs 1, 2, and 4–25 that identify the specific documents he has produced that are responsive to specific RFPs issued by Power Stop, state whether he possesses any documents responsive to each request, and state whether he is withholding any responsive documents;

(c) overruling Lee's objections to Power Stop's discovery requests and directing Lee to produce to Power Stop any non-privileged information or documents that Lee has withheld pursuant to his objections or state under oath that no such information or documents have been withheld on the basis of such objections;

(d) directing Lee to provide a privilege log that complies with the requirements of Rule 26(b)(5); and

(e) awarding Power Stop its reasonable costs, including attorney's fees, incurred in making this motion.

Dated: November 20, 2023

Respectfully submitted,

POWER STOP, LLC

By: _/s/ Benjamin S. Morrell_
One of Its Attorneys

Heather A. Jackson (ARDC No. 6243164)
hjackson@taftlaw.com
Benjamin S. Morrell (ARDC No. 6341896)

bmorrell@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 527-4000
Firm I.D. No. 29143

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: November 20, 2023

                                                                   s/ *Benjamin S. Morrell*
                                                               Benjamin S. Morrell
                                                               *Counsel for Defendant*